UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BUXBAUM,<br><br>                              *Plaintiff*,<br><br>    v.<br><br>LEGAL AID SOCIETY OF ROCKLAND<br>COUNTY,<br><br>                              *Defendant*. | No. 25-CV-458 (KMK)<br><br><u>ORDER OF DISMISSAL</u> |

KENNETH M. KARAS, United States District Judge:

Michael Buxbaum ("Plaintiff"), proceeding pro se, brings this Action against the Legal Aid Society of Rockland County ("Defendant"). (*See* Compl. (Dkt. No. 1).) On March 5, 2025, the Court issued an Order to Show Cause as to why this Action should not be dismissed for lack of subject matter jurisdiction. (*See* Order (Dkt. No. 4).) Plaintiff did not comply; instead, he filed an Amended Complaint that reframed this Action as one pursuant to the False Claims Act, 31 U.S.C. §§ 3729 et seq, (*see* Am. Compl. (Dkt. No. 11)), and a motion requesting an order restraining Defendant's continued operation and requesting a hearing for judicial dissolution of Defendant, (*see* Not. of Mot. (Dkt. No. 15); Mem. of Law in Supp. of Mot. (Dkt. No. 16)). On May 22, 2025, the Court issued a second Order to Show Cause as to why this Action should not be dismissed for lack of subject matter jurisdiction. (*See* Order (Dkt. No. 21).) Specifically, the Court ordered Plaintiff to explain how the factual allegations in his Amended Complaint state a claim under the the False Claims Act. (*Id.* at 1.) Plaintiff, again, failed to comply; instead, he filed a motion opposing dismissal of his Amended Complaint on June 4, 2025. (*See* Opp. to Dismissal (Dkt. No. 23).)

On August 13, 2025, the Court's May 22, 2025 Order to Show Cause was returned to the Clerk of Court as undeliverable. (*See* Dkt. (entry for August 13, 2025).) On December 5, 2025, the Court issued an Order to Show Cause as to why this Action should not be dismissed for failure to prosecute. (*See* Order (Dkt. No. 26).) The Clerk of Court mailed a copy of that Order to Plaintiff at the address provided to the Court and listed on the docket. (*See* Dkt. (entry for Dec. 5, 2025).) The Order was returned as undeliverable on January 22, 2026. (*See* Dkt.) On February 2, 2026, the Court issued another Order to Show Cause as to why this Action should not be dismissed for failure to prosecute, (*see* Order (Dkt. No. 27)), which the Clerk of Court mailed to Plaintiff at the address provided on the docket, (*see* Dkt. (entry for Feb. 20, 2026)). That Order was returned as undeliverable on March 23, 2026. (*See* Dkt.) To date, Plaintiff has not responded to the Orders to Show Cause or otherwise communicated with the Court. Accordingly, the Court dismisses this Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v.*

2

*Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Standing Order 1–2 (Dkt. No. 2); Order (Dkt. No. 27).)  Nonetheless, Plaintiff has not provided the Court with an updated address.  (*See* Dkt. (entry for Aug. 13, 2025) (noting mail was returned to the Clerk of Court as undeliverable); Dkt. (entry for Feb. 19, 2026) (same); Dkt. (entry for Mar. 23, 2026) (same).)

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See, e.g., Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at

*5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and close the case.

SO ORDERED.

Dated:  April 6, 2026
       White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4